UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**Honorable Patty Shwartz**  U.S. Post Office & Courthouse Bldg.
**United States Magistrate Judge**  Federal Square, Newark, NJ  07101
(973) 645-6596

September 12, 2005

Richard R. Kreimer
c/o Mail Boxes Etc.
45 Park Place South
Box 184
Morristown, NJ 07960

### LETTER OPINION

Re:  Kreimer v. State of New Jersey et al.
     Civil Action No. 2:05-cv-01416 (KSH)

Dear Litigants:

This matter is before the Court on plaintiff's application for appointment of pro bono counsel pursuant to 28 U.S.C. § 1915(e)(1).  For the reasons set forth below, plaintiff's application is denied.

### FACTS AND PROCEDURAL HISTORY

On March 14, 2005, the pro se plaintiff, Richard R. Kreimer, filed a Complaint alleging that the defendants violated his civil rights.[1]  Specifically, plaintiff alleged that New Jersey Transit and the City of Summit violated his civil rights by the manner in which he was treated at various train stations in the State of New Jersey from August 2004 through March 2005.

Plaintiff alleges that on August 11, 2004, August 12, 2004, August 18, 2004, August 30,

---

[1] In his application for appointment of counsel, plaintiff argues his claim implicates the "1st-4th [sic] 14th Amendments - federal - claims and N.J. state search-seizer [sic] - ect claims" and that it has "some very precedent [sic] - U.S. Patriot Act Section 601 - issues."  (See Application for Pro Bono Counsel at 2.)

1

2004, December 16, 2004, and March 5, 2005, he had encounters with New Jersey Transit personnel during which he was informed that homeless individuals were not welcome and that he was loitering and trespassing on private property. Plaintiff also alleges that on an unspecified date in September 2004, October 2, 2004, and November 2, 2004, he had encounters with Summit Police Officers at the Summit, New Jersey train station and park. Similar to the incidents with New Jersey Transit, plaintiff claims he was informed that homeless individuals were not welcome and that he was loitering and trespassing on private property.

The case was originally assigned to the Honorable Dickinson R. Debevoise, was reassigned to the Honorable William H. Walls, and then reassigned again to the Honorable Katharine S. Hayden. On May 3, 2005, Judge Hayden granted plaintiff's application for leave to proceed in forma pauperis under 28 U.S.C. § 1915 and ordered the clerk to issue summons and serve the complaint, summons, and order upon the defendants. (See Order on Application to Proceed Without Prepayment of Fees dated May 3, 2005.) Subsequently, plaintiff filed this Application for Pro Bono Counsel on August 18, 2005. In support of his application, plaintiff argues that his case presents constitutional issues and refers to the fact that the Honorable H. Lee Sarokin made the "same appointment of counsel to plaintiff in 1989 or 1990." (See Application for Pro Bono Counsel at 2.)

## DISCUSSION

There is no constitutional or statutory right to counsel for civil litigants. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). District Courts, however, have broad discretion under Section 1915 to appoint pro bono counsel to represent an indigent litigant. See Id.; Tabron v. Grace, 6 F.3d 147, 158 (3d Cir. 1993).

When presented with an application for the appointment of pro bono counsel in a civil case, the Court must first consider whether or not the plaintiff's claims have some "merit in fact and law." Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002). If the case has merit, then the Court should consider the following non-exhaustive list of factors:

1. the plaintiff's ability to present his own case;
2. the difficulty of the particular legal issues;
3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;
4. the plaintiff's capacity to retain counsel on his own behalf;
5. the extent to which a case is likely to turn on credibility determinations; and
6. whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499; Tabron, 6 F.3d at 155-57.

Assuming arguendo that his lawsuit is meritorious, the Court has considered the above factors and determined that plaintiff is not entitled to appointment of counsel. First, the Court

finds that plaintiff is able to present his own case. The Court has "consider[ed] the plaintiff's education, literacy, prior work experience, . . . prior litigation experience," and his understanding of English. See Tabron, 6 F.3d at 156. Though the Court lacks specific information concerning the plaintiff's education, plaintiff's submissions in this case and his prior involvement as a plaintiff in other cases reflect that he is literate and able to articulate the basis of his claim.[2]

Second, there is nothing before the Court to show the plaintiff has attempted to secure counsel. Even if the Court accepts that he currently lacks the means to retain counsel, the Court is mindful that appointed counsel is a scarce resource. See Tabron, 6 F.3d at 157. Therefore, indigent plaintiffs must make some effort to attempt to hire counsel. The civil rights statute provides one method of encouraging counsel to take on cases for indigent clients. Specifically, the civil rights statute allows a prevailing party to receive attorney's fees. This provision provides an incentive for attorneys to accept civil rights cases. Plaintiff has not shown he has attempted to reach out to counsel, including the attorneys he states represented him in his earlier case. See Kreimer, 958 F.2d 1242. Given the scarcity of resources, this experienced litigant must make an effort to secure counsel before seeking appointed counsel.

Moreover, the other Tabron factors do not weigh in favor of appointing counsel at this time.[3] The legal issue is whether New Jersey Transit and/or the City of Summit violated plaintiff's civil rights. The legal principles governing such civil rights claims are well established. In addition, the plaintiff will have access to discovery and will be able to conduct factual investigation. Finally, there is nothing before the Court to indicate the case will likely turn on credibility determinations or will require expert testimony. As a result, appointment of counsel is not warranted.

## **CONCLUSION**

For all of the foregoing reasons, plaintiff's application requesting appointment of counsel

---

[2] The docket reveals that the plaintiff has filed at least four other cases. See Kreimer v. Bureau of Police for Town of Morristown, 958 F.2d 1242 (3d Cir. 1992); Kreimer et al. v. City of Woodbury, et al., CIV No. 1:02-cv-02496 (D.N.J. Aug. 30, 2005); Kreimer v. Kocher, et al., CIV No. 2:95-cv-02903 (D.N.J. Nov. 5, 1997); Kreimer v. State of New Jersey, et al., CIV No. 2:96-cv-01093 (D.N.J. Mar. 12, 1997). Accordingly, the plaintiff has been exposed to the Court's procedures and is well-versed in the mechanics of a court.

[3] The factual and legal issues in this case are not sufficiently developed for the Court to be able to adequately consider some of the Tabron factors. See Mitchell v. Attorney General, No. Civ. 0.5-882 (RBK), 2005 WL 1106467, at *2 (D.N.J. Apr. 27, 2005) (quoting Chatterjee v. Philadelphia Federation of Teachers, No. CIV. A. 99-4122, CIV. A. 99-4233, 2000 WL 1022979, at *1 (E.D. Pa. Jul. 18, 2000)). Like the plaintiff in Chatterjee, plaintiff's claims have not yet been sufficiently articulated making some of the Tabron factors difficult to evaluate. Chatterjee, No. CIV. A. 99-4122, CIV. A. 99-4233, 2000 WL 1022979, at *1.

is denied without prejudice.

             **SO ORDERED.**

             <u>**s/ Patty Shwartz**</u>
             **United States Magistrate Judge**